Filing # 185973023 E-Filed 11/13/2023 11:15:00 AM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

KEITH JACOBY,

        Plaintiff,                            CASE NO. _____

vs.

PROGRESSIVE AMERICA
INSURANCE COMPANY,

        Defendant.

_____/

## COMPLAINT

The Plaintiff, Keith Jacoby sues the Defendant, Progressive America Insurance Company and states:

1.      This is an action for damages in excess of $30,000 exclusive of costs, prejudgment interest or attorneys' fees.

2.      This action arises from a breach of contract that occurred in Collier County, Florida.  Therefore, venue is appropriate in Collier County Florida.

3.      Keith Jacoby is a resident of Collier County, Florida.

4.      The property at issue, a 2018 Seawind 1190 Sport Catamaran sailboat, was located in Collier County Florida at the time of the claim and remains in Collier County Florida.

5.      Progressive America Insurance Company (hereinafter "Progressive") is an insurance company licensed to provide insurance in Florida.

6.      Progressive issued a policy of insurance to Keith Jacoby for the 2018 Seawind

Page **1** of **3**

1190 Sport Catamaran sailboat that was in force on September 28, 2022.  (Ex. A)

7.     The subject insurance provided for Agreed Value Coverage, Wreckage Removal Coverage and Hurricane Haul Out Coverage.

8.     The sailboat was torn from its proper mooring on September 28, 2022, by Hurricane Ian.  The hurricane forces left the sailboat in the backyard of 94 Southport Cove, Bonita Springs, Florida.

9.     Progressive's contract provided coverage for the removal of the sailboat from the backyard of 94 Southport Cove, Bonita Springs, Florida.

10.    Progressive has not recovered the vessel for over a year.

11.    Progressive's failure to recover the vessel for over a year is a breach of the insurance contract.

12.    Keith Jacoby has demanded that Progressive pay loss of use of his sailboat for the last year, recover the sailboat and pay for the sailboat restoration for the year it sat in the elements. or the agreed value plus prejudgment interest in accordance with the insurance policy.

13.    Progressive has breached its contract by refusing to pay for the loss of use, recovery and refurbishment of the sailboat, or the agreed value plus prejudgment interest.

14.    Keith Jacoby has been damaged by Progressive's breach of the insurance contract.

15.    All conditions precedent has been satisfied or waived.

16.    Keith Jacoby has retained the undersigned law firm and agreed to pay it a reasonable fee.  Progressive is responsible for paying its insured's attorney fees.

WHEREFORE, Keith Jacoby demands judgment against Progressive for either loss of use of the sailboat, a return of the vessel and its refurbishment or the agreed value, costs, prejudgment interest, and attorneys' fees.

**<u>Demand for Jury Trial</u>**

Plaintiff further demands trial by jury of all issues so triable as a matter of right and by law.

DATED:  November 13, 2023.

JOSEPH D. STEWART, P.A.

By: *<u>Joseph D. Stewart</u>*
     Joseph D. Stewart, Esquire
     Florida Bar No. 0476250
     2671 Airport Road South, Suite 302
     Naples, Florida 34112
     Telephone:     (239) 775-4450
     Facsimile:     (239) 775-8581
     Email(s):       jstewart@jdslegal.com
                          pkullen@jdslegal.com

# EXHIBIT A

2749 FL 0719

# FLORIDA
## BOAT AND PERSONAL WATERCRAFT POLICY

Form 2749 FL (07/19)
version 2.0



SPECIALTY PROGRAM GR
12935 S WEST BAYSHORE
TRAVERSE CITY, MI 49684



KEITH JACOBY
215 BAYFRONT DR.
BONITA SPRINGS, FL 34134

**Policy number: 954341017**
Underwritten by:
Progressive American Insurance Co
December 21, 2021
Policy Period: Jan 19, 2022 - Jan 19, 2023
Page 1 of 2

**1-800-748-0224**
**SPECIALTY PROGRAM GR**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Boat Insurance
# Coverage Summary
This is your Declarations Page

Your coverage begins on January 19, 2022 at the later of 12:01 a.m. or the effective time shown on your application.  This policy
period ends on January 19, 2023 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy limits
shown for a watercraft may not be combined with the limits for the same coverage on another watercraft, unless the
policy contract or endorsements indicate otherwise.  The policy contract is form 2749 FL (07/19). The contract is
modified by forms 4984 (11/19), Z910 (12/16) and Z820 (12/16).

## Drivers and household residents

| | Additional information |
|---|---|
| Keith Jacoby | Named insured |

## Outline of coverage

**2018 Seawind 1190 Sport**

Total Horsepower: 50
Hull ID #: FNL0488FL718
Propulsion type: Power          Number of motors: 2

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $142 |
|   Bodily Injury and Property Damage Liability | $500,000 combined single limit each accident | | |
|   Includes Fuel Spill Liability | | | |
| Uninsured Boater | $500,000 combined single limit each accident | | 48 |
| Medical Payments | $25,000 each person | | 16 |
| Comprehensive | Agreed Value $350,000 | $5,000 | 976 |
| | Named Storm Deductible | $17,500 | |
| Collision | Agreed Value $350,000 | $5,000 | 246 |
| Included with Comprehensive and Collision: | | | |
|   Disappearing Deductible | | | |
|   Wreckage Removal | | | |
|   Marine Electronics | | | |
| Sign & Glide® | | | 50 |
| Coastal Navigation | 125 Nautical Miles | | 150 |
| Hurricane Haul Out | Selected | | 20 |
| Replacement Cost Personal Effects | $5,000 | $250 | 13 |
| **Total 12 month policy premium** | | | **$1,661** |

Form 6489 FL (07/19)


Continued

## Premium discounts

| Policy | |
|---|---|
| 954341017 | Multi-Policy, Home Owner, Paid in Full, Prompt Payment and Transfer |

| Driver | |
|---|---|
| Keith Jacoby | Safety Course and Responsible Driver |

| Vehicle | |
|---|---|
| 2018 Seawind 1190 Sport | Original Owner |

# THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU. (THIS SEPARATE DEDUCTIBLE ALSO APPLIES TO TROPICAL STORM LOSSES.)

## Important information regarding Coastal Navigation restrictions

A coastal navigation limit applies to this policy.  Unless you pay a premium for Coastal Navigation Limit coverage, you are not covered for losses that occur in ocean waters more than 75 nautical miles from the coast of the United States or Canada or for losses that occur in any territory or territorial waters of any country other than the United States or Canada.

## Important information on the watercraft value

The watercraft dollar amount that is listed on the declarations page is the amount that you indicated includes the watercraft, motor(s), trailer (if you selected coverage for your trailer), permanently attached equipment and portable boating equipment.

## Deductibles

All physical damage losses, regardless of loss settlement option and whether partial or total, are subject to the applicable deductible.

## Policyholder inquiries

You may call your agent at 1-800-748-0224 to present inquiries or obtain information about coverage, and to obtain assistance with any complaints.

## Agent signature

## Company officers

Secretary

(Executing in the name of and on behalf of the underwriting company listed above.)

# CONTENTS

**INSURING AGREEMENT**...................................................................................1.

**GENERAL DEFINITIONS**..............................................................................1.

**PART I—LIABILITY TO OTHERS**
Insuring Agreement.....................................................................................3.
Additional Definition ...................................................................................4.
Additional Payments...................................................................................4.
Exclusions .................................................................................................4..
Limits of Liability........................................................................................6.
Other Insurance ........................................................................................7..

**PART II—MEDICAL PAYMENTS COVERAGE**
Insuring Agreement.....................................................................................8.
Additional Definitions .................................................................................8.
Exclusions .................................................................................................8..
Limits of Liability........................................................................................10
Unreasonable or Unnecessary Medical Expenses .............................................10
Other Insurance ........................................................................................11

**PART III—UNINSURED BOATER COVERAGE**
Insuring Agreement.....................................................................................11.
Additional Definitions .................................................................................11.
Exclusions .................................................................................................12
Limits of Liability........................................................................................13
Other Insurance ........................................................................................14

**PART IV—DAMAGE TO A WATERCRAFT**
Insuring Agreement—Collision Coverage .........................................................14.
Insuring Agreement—Comprehensive Coverage................................................14.
Insuring Agreement—Pet Injury Coverage........................................................15.
Insuring Agreement—Total Loss Replacement/
   Purchase Price Coverage ........................................................................15.
Insuring Agreement—Agreed Value Coverage ...................................................16.
Insuring Agreement—Total Loss Coverage........................................................16.
Insuring Agreement—Wreckage Removal Coverage............................................17.
Insuring Agreement—Trailer Trip Interruption Coverage......................................17.
Insuring Agreement—Mexico Coverage............................................................18.
Additional Definitions .................................................................................19
Exclusions .................................................................................................19
Limits of Liability........................................................................................21.
Payment of Loss ........................................................................................23
Salvage......................................................................................................23
No Benefit to Bailee....................................................................................23

Loss Payable Clause ..................................................................................23
Other Sources of Recovery ........................................................................23
Appraisal....................................................................................................24

**PART V—ROADSIDE ASSISTANCE COVERAGE**

Insuring Agreement....................................................................................24
Additional Definition ..................................................................................24
Exclusions .................................................................................................25
Unauthorized Service Provider ..................................................................25
Other Insurance .........................................................................................26

**PART VI—SIGN & GLIDE COVERAGE**

Insuring Agreement....................................................................................26
Additional Definitions .................................................................................26
Exclusions .................................................................................................27
Other Insurance .........................................................................................28

**PART VII—PROPULSION PLUS COVERAGE**

Insuring Agreement—Propulsion Plus Coverage........................................28
Additional Definitions .................................................................................28
Exclusions .................................................................................................29
Limits of Liability........................................................................................30
Payment of Claim.......................................................................................31
Salvage.....................................................................................................31
No Benefit to Bailee ...................................................................................31
Loss Payee Agreement..............................................................................31
Appraisal....................................................................................................32

**PART VIII—REPLACEMENT COST PERSONAL EFFECTS COVERAGE**

Insuring Agreement....................................................................................32
Additional Definitions .................................................................................32
Exclusions .................................................................................................33
Limits of Liability........................................................................................35
Payment of Loss ........................................................................................36
No Benefit to Bailee ...................................................................................36
Other Sources of Recovery ........................................................................36
Appraisal....................................................................................................36

**PART IX—FISHING EQUIPMENT COVERAGE**

Insuring Agreement....................................................................................37
Additional Definitions .................................................................................37
Exclusions .................................................................................................37
Limits of Liability........................................................................................39
Payment of Loss ........................................................................................40
No Benefit to Bailee ...................................................................................40
Other Sources of Recovery ........................................................................40
Appraisal....................................................................................................40

Form 2749 FL (07/19)                    ii

**PART X—DUTIES IN CASE OF AN ACCIDENT OR LOSS** ...................................................41

**PART XI—GENERAL PROVISIONS**

Policy Period and Territory ....................................................................................42
Changes..................................................................................................................42
Duty to Report Changes.........................................................................................43
Settlement of Claims...............................................................................................43
Deductibles.............................................................................................................43
Terms of Policy Conformed to Statutes ................................................................44
Transfer of Interest ................................................................................................44
Your Representations to Us Regarding Your Covered Watercraft........................44
Fraud or Misrepresentation ...................................................................................44
Payment of Premium and Fees .............................................................................45
Cancellation............................................................................................................46
Cancellation Refund ..............................................................................................47
Nonrenewal ............................................................................................................47
Automatic Termination ...........................................................................................47
Legal Action Against Us .........................................................................................47
Our Rights to Recover Payment ............................................................................47
Our Rights to Inspect.............................................................................................48
Joint and Individual Interests.................................................................................49
Bankruptcy .............................................................................................................49

**FLORIDA BOAT AND PERSONAL WATERCRAFT POLICY**

## INSURING AGREEMENT

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions, and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

1. "**Additional watercraft**" means a **watercraft you** become the actual or beneficial owner of during the policy period that does not permanently replace a **watercraft** shown on the **declarations page** if:
   a. **we** insure all other **watercraft you** own;
   b. the **additional watercraft** is not covered by any other insurance policy;
   c. **you** notify **us** within 30 days of becoming the owner of the **additional watercraft**; and
   d. **you** pay any additional premium due.
   An **additional watercraft** will have the broadest coverage **we** provide for any **watercraft** shown on the **declarations page** other than Total Loss Replacement/ Purchase Price Coverage, Total Loss Coverage, or Agreed Value Coverage. **We** will provide basic Collision Coverage and Comprehensive Coverage for the **additional watercraft** instead of Total Loss Replacement/Purchase Price Coverage, Total Loss Coverage, or Agreed Value Coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits. If **you** ask **us** to insure an **additional watercraft** more than 30 days after **you** become the actual or beneficial owner, any coverage **we** provide will begin at the time **you** request coverage.

2. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

3. "**Covered watercraft**" means:
   a. any **watercraft** shown on the **declarations page** for the coverages applicable to that **watercraft**;
   b. any **additional watercraft**; and
   c. any **replacement watercraft**.

4. "**Declarations page**" means the document showing **your** coverages, limits of liability, **covered watercraft**, premium, and other policy-related information. The **declarations page** may also be referred to as the Boat Insurance Coverage Summary.

5. "**Marine electronics**" means electronic devices used for marine navigation or marine communication, including, but not limited to, portable or handheld devices such as GPS.

6. "**Motor**" means a motor or motors owned by **you** and designed to propel a **covered watercraft**, including the following parts and accessories when supplied by the manufacturer:
   a. remote controls;
   b. electric harnesses;
   c. fuel containers; and
   d. batteries.
7. "**Occupying**" means in, on, entering, exiting, or proximate to a **watercraft**, or a non-motorized **trailer** which is designed to be towed on public roads by a land motor vehicle and designed for the transportation of a **watercraft**. "**Occupying**" includes being towed by a **watercraft** while the person is on a wake board, knee board, tube, air chair, or water skis. "**Occupying**" does not include in, on, entering, exiting, or proximate to a land motor vehicle.
8. "**Permanent equipment**" means equipment permanently installed on a **covered watercraft** using bolts or brackets, including slide-out brackets. "**Permanent equipment**" includes, but is not limited to, permanently installed:
   a. **marine electronics**;
   b. fish finders; and
   c. auxiliary trolling motors.
9. "**Portable boating equipment**" means detachable boating equipment owned by **you** and customarily kept in or on a **covered watercraft** for the maintenance or use of the **watercraft**. "**Portable boating equipment**" includes, but is not limited to:
   a. anchors;
   b. oars;
   c. sails;
   d. tarpaulins;
   e. extra fuel tanks;
   f. portable cook stoves;
   g. safety and life-saving equipment;
   h. deck chairs;
   i. water skis and other water sports equipment intended to be towed by a **watercraft**, including, but not limited to, wake boards, knee boards, tubes, and air chairs; and
   j. portable **marine electronics**.
10. "**Property damage**" means physical damage to, destruction of, or loss of use of tangible property, and if **you** are required by law, the cost to clean up, remove or contain a pollutant that was suddenly and accidentally discharged, spilled, leaked, or emitted from **your watercraft**.
11. "**Relative**" means a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.
12. "**Replacement watercraft**" means a **watercraft** that permanently replaces a **watercraft** shown on the **declarations page**. A **replacement watercraft** will have

the same coverage as the **watercraft** it replaces if the **replacement watercraft** is not covered by any other insurance policy. However:

    a.  if the **watercraft** being replaced had coverage under Part IV—Damage To A Watercraft, such coverage will apply to the **replacement watercraft** only during the first 30 days after **you** become the actual or beneficial owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days; and

    b.  if the **watercraft** being replaced had Total Loss Replacement/Purchase Price Coverage, Total Loss Coverage, or Agreed Value Coverage, **we** will provide basic Collision Coverage and Comprehensive Coverage for the **replacement watercraft** instead of Total Loss Replacement/Purchase Price Coverage, Total Loss Coverage, or Agreed Value Coverage.

If the **watercraft** being replaced did not have coverage under Part IV—Damage To A Watercraft, such coverage may be added, but the **replacement watercraft** will have no coverage under Part IV until **you** notify **us** of the **replacement watercraft** and ask **us** to add the coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits.

13.  "**Seaworthy**" means fit to withstand the foreseeable and expected conditions of weather, wind, waves, and the rigors of normal and foreseeable use in whatever type of waters a **watercraft** will be located.

14.  "**Trailer**" means a non-motorized **trailer** owned by **you** that is shown on the **declarations page** and which is designed to be towed on public roads by a land motor vehicle and designed for the transportation of a **covered watercraft**.

15.  "**Watercraft**" means a boat or other craft that is designed for use on water and has a valid manufacturer's or state-assigned hull identification number.

16.  "**Watercraft sharing program**" means a system or process, operated by a business, organization, network, group, or individual, that facilitates the sharing of watercraft for use by individuals, businesses, or other entities.

17.  "**We**," "**us**," and "**our**" mean the underwriting company providing the insurance, as shown on the **declarations page**.

18.  "**You**" and "**your**" mean:

    a.  a person shown as a named insured on the **declarations page**; and

    b.  the spouse of a named insured if residing in the same household.

## PART I—LIABILITY TO OTHERS

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person** where owed by law.

We will settle or defend, at **our** option, any claim for damages covered by this Part I. **Our** duty to settle or defend ends after **we** have paid the applicable limit of liability for the accident that is the basis of the lawsuit.

## ADDITIONAL DEFINITION

When used in this Part I:
"**Insured person**" means:
a.   **you** or a **relative** with respect to an accident arising out of the ownership, mainte-nance, or use of a **watercraft** or **trailer**;
b.   any person with respect to an accident arising out of that person's use of a **covered watercraft** or **trailer** with the permission of **you** or a **relative**;
c.   any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; and
d.   any Additional Interest shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a. or b. above.

## ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured person**:
1.   all expenses that **we** incur in the settlement of any claim or in the defense of an **insured person** in any lawsuit. This does not include attorney fees awarded or assessed against an **insured person**;
2.   interest accruing after entry of judgment, until **we** have paid, offered to pay, or deposited in court that portion of the judgment which does not exceed **our** limit of liability. This does not apply if **we** have not been given notice of suit or the op-portunity to defend an **insured person**;
3.   the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in an amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;
4.   up to $250 for a bail bond required because of an accident resulting in **bodily injury** or **property damage** covered under this Part I. **We** have no duty to apply for or furnish this bond; and
5.   reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

## EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EX-CLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:
1.   **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any **watercraft** or **trailer** while being used:
a.   to carry persons or property for compensation or a fee;
b.   in any illegal transportation or trade; or
c.   in any business or occupation.

Form 2749 FL (07/19)                    4

Subparts a. and c. of this exclusion do not apply to use of a **watercraft** or **trailer** for tournament fishing;

2. any liability assumed under any contract or agreement by **you** or a **relative**;

3. **bodily injury** to an employee of that **insured person** arising out of or within the course of employment. This exclusion does not apply to domestic employees if benefits are neither paid nor required to be provided under workers' compensation, disability benefits, or similar laws;

4. **bodily injury** or **property damage** resulting from an **insured person's** participation in, or sustained during an **insured person's** practice or preparation for:

    a. any pre-arranged or organized:
        (i) racing;
        (ii) stunting;
        (iii) speed or demolition contest or activity; or
    b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

    This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

5. **bodily injury** or **property damage** due to a nuclear reaction or radiation;

6. **bodily injury** or **property damage** for which insurance:

    a. is afforded under a nuclear energy liability insurance contract; or
    b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

7. any obligation for which the United States Government is liable under the Federal Tort Claims Act;

8. **bodily injury** or **property damage** caused by an intentional act of any **insured person**, or at the direction of any **insured person**, with the intent to cause injury or damage;

9. **property damage** to any property owned by, rented to, being transported by, used by, or in the charge of that **insured person**. The term "property" includes, without limitation, any **covered watercraft** and any **watercraft** other than a **covered watercraft**. This exclusion does not apply to a launching ramp, dock, mooring device or boat storage house rented by **you**;

10. **bodily injury** to **you** or a **relative**;

11. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any **watercraft** or **trailer** owned by **you** or furnished or available for **your** regular use, other than a **covered watercraft** or **trailer** for which this coverage has been purchased;

12. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any **watercraft** or **trailer** owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered watercraft** or **trailer** for which this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such **watercraft** or **trailer**;

13. **bodily injury** or **property damage** arising out of **your** or a **relative's** use of a **watercraft** or **trailer**, other than a **covered watercraft** or **trailer** for which this coverage has been purchased, without the permission of the owner of the **watercraft** or **trailer** or the person in lawful possession of the **watercraft** or **trailer**;

14. **bodily injury** or **property damage** arising out of the use of a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply to the operation of a **covered watercraft** or **trailer** by **you** or a **relative**;

15. punitive or exemplary damages;

16. **bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of any **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of **watercraft**;

17. **bodily injury** or **property damage** arising out of para-sailing, kite skiing, or any other activity involving a device designed for flight;

18. **bodily injury** or **property damage** arising out of an accident involving a **watercraft** or **trailer** while being towed by or carried by a land motor vehicle;

19. payment for **bodily injury**, or any other payment or obligation, to any person eligible to receive any benefits required to be provided by **you** under the Jones Act or Federal Longshoremen's and Harbor Workers' Compensation Act; or

20. **bodily injury** or **property damage** arising out of an accident while using a **watercraft** as a primary or permanent residence.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for liability coverage is the most **we** will pay regardless of the number of:

1. claims made;
2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. **watercraft** or **trailers** involved in the accident;
6. premiums paid; or
7. **trailers**.

If **your declarations page** shows a split limit:

1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident;
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident; and
3. the amount shown for "property damage" is the most **we** will pay for the total of all **property damage** resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for **bodily injury** to a person and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of

companionship, loss of services, loss of consortium, and wrongful death, but only if recoverable under the applicable law.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one accident. However, without changing this limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

No one is entitled to duplicate payments for the same elements of damages.

Any payment to a person under this Part I will be reduced by any payment to that person under Part III—Uninsured Boater Coverage.

**We** will not pay under this Part I any expenses paid or payable under Part II—Medical Payments Coverage.

If multiple boat and personal **watercraft** policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

A **watercraft** and:
1.  a **trailer** which the **watercraft** is in or on;
2.  a **trailer** to which the **watercraft** is attached;
3.  a **trailer** which the **watercraft** is in the process of being placed onto or into; or
4.  a **trailer** from which the **watercraft** is in the process of being removed;
are considered one **watercraft** for purposes of determining the limits of liability under this Part I. Therefore, the limits of liability will not be increased for an accident involving a **watercraft** and **trailer** in any of the aforementioned circumstances.

If **you** are legally required to pay for the cost of any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** or a **watercraft** of others, then **we** will pay under this Part I up to the limit of liability for **property damage**, reduced by any other amounts paid or payable under this Part I for **property damage**. However, if Wreckage Removal Coverage applies under Part IV—Damage To A Watercraft, **we** will pay for the cost of any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** pursuant to the limits set forth in the Wreckage Removal Coverage.

**OTHER INSURANCE**

If there is any other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a **watercraft** or **trailer**, other than a **covered watercraft** or **trailer**, will be excess over any other collectible insurance, self-insurance, or bond.

**PART II—MEDICAL PAYMENTS COVERAGE**

## INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of an accident involving a **watercraft** or **trailer** because of **bodily injury**:
1. sustained by an **insured person**; and
2. caused by that accident.

## ADDITIONAL DEFINITIONS

When used in this Part II:
1. "**Insured person**" means:
   a. **you** or a **relative**:
      (i) while **occupying** a **watercraft** or **trailer**; or
      (ii) when struck, while not **occupying** a **watercraft**, by a:
         (a) **watercraft**; or
         (b) **trailer** designed to transport a **watercraft** and to be towed on public roads by a land motor vehicle; and
   b. any other person while **occupying** a **covered watercraft** or **trailer** with the permission of **you** or a **relative**.
2. "**Medical services**" means medical, surgical, funeral, dental, x-ray, ambulance, hospital, and professional nursing services, and includes the cost of eyeglasses, hearing aids, pharmaceuticals, and orthopedic and prosthetic devices.

## EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.

Coverage under this Part II will not apply to **bodily injury**:
1. sustained by any person while **occupying** a **covered watercraft** or **trailer** while it is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. in any business or occupation.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;
2. to any **insured person** resulting from an **insured person's** participation in, or sustained during an **insured person's** practice or preparation for:
   a. any pre-arranged or organized:
      (i) racing;
      (ii) stunting;
      (iii) speed or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

This exclusion does not apply to **bodily injury** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

3. due to a nuclear reaction or radiation;
4. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
5. for which the United States Government is liable under the Federal Tort Claims Act;
6. sustained by any person while **occupying** or when struck by any **watercraft** or **trailer** owned by **you** or furnished or available for **your** regular use, other than a **covered watercraft** or **trailer** for which this coverage has been purchased;
7. sustained by any person while **occupying** or when struck by any **watercraft** or **trailer** owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered watercraft** or **trailer** for which this coverage has been purchased. This exclusion does not apply to **you**;
8. to **you** or a **relative** while **occupying** any **watercraft** or **trailer**, other than a **covered watercraft** or **trailer**, without the permission of the owner of the **watercraft** or **trailer** or the person in lawful possession of the **watercraft** or **trailer**;
9. to any person while **occupying** a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply to the operation of a **covered watercraft** or **trailer** by **you** or a **relative**;
10. caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**. This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of **watercraft**;
11. sustained by any person while **occupying** any **watercraft** or **trailer** while located for use as a residence or premises;
12. if workers' compensation benefits, or similar benefits, are available for the **bodily injury** under any state, federal, or maritime law;
13. caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
    c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;
14. caused directly or indirectly by any accidental or intentional discharge, dispersal, or release of radioactive or nuclear material;
15. arising out of para-sailing, kite skiing, or any other activity involving a device designed for flight; or
16. sustained by any person while a **watercraft** or **trailer** is being towed by or carried by a land motor vehicle.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Medical Payments Coverage is the most **we** will pay for each **insured person** injured in any one accident regardless of the number of:

1. claims made;
2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. **watercraft** or **trailers** involved in the accident;
6. premiums paid; or
7. **trailers**.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

Any amount payable to an **insured person** under this Part II will be reduced by any amount paid or payable for the same expense under Part I—Liability To Others or Part III—Uninsured Boater Coverage.

If multiple boat and personal **watercraft** policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## UNREASONABLE OR UNNECESSARY MEDICAL EXPENSES

If an **insured person** incurs expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** may refuse to pay for those expenses and contest them.

**We** have the right under this Part II to limit reimbursement in accordance with any negotiated medical provider agreement to which **we** have access. The **insured person** shall not be responsible for any reduction applied by **us.** If a medical provider disputes an amount paid by **us** under this provision, **we** will be responsible for resolving such disputes.

If the medical service provider sues the **insured person** because **we** refuse to pay expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** will pay any resulting defense costs, and any resulting judgment against the **insured person**, subject to the limit of liability for this coverage. **We** will choose the counsel. **We** will also pay reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request. **We** will not pay any sanctions awarded or assessed against an **insured person** due to intentional misrepresentation or concealment committed by that **insured person** during the course of any lawsuit, associated discovery, or other proceedings.

## OTHER INSURANCE

If there is other applicable medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured person occupying** a **watercraft** or **trailer**, other than a **covered watercraft** or **trailer**, will be excess over any other insurance providing payments for **medical services**.

## PART III—UNINSURED BOATER COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for damages, other than punitive or exemplary damages, that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured watercraft** because of **bodily injury**:
1. sustained by an **insured person**;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an **uninsured watercraft**.

Any judgment or settlement for damages against an owner or operator of an **uninsured watercraft** that arises out of a lawsuit brought without **our** written consent is not binding on **us**.

### ADDITIONAL DEFINITIONS

When used in this Part III, whether in the singular, plural, or possessive:
1. "**Insured person**" means:
   a. **you** or a **relative**;
   b. any person while operating a **covered watercraft** with the permission of **you** or a **relative**;
   c. any person **occupying**, but not operating, a **covered watercraft** or a **trailer**; and
   d. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b., or c. above.
2. "**Uninsured watercraft**" means a **watercraft** of any type:
   a. to which no bodily injury liability bond or policy applies at the time of the accident;
   b. to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:
      (i) denies coverage; or
      (ii) is or becomes insolvent;
   c. that is a hit-and-run **watercraft** whose operator or owner cannot be identified and which strikes:
      (i) **you** or a **relative**;
      (ii) a **watercraft** that **you** or a **relative** are **occupying**; or

(iii)   a **covered watercraft** or **trailer**,

provided that the **insured person**, or someone on his or her behalf, reports the accident to the coast guard, police, or other civil authority within 24 hours or as soon as practicable after the accident; or

d.   to which a bodily injury liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for bodily injury is less than the coverage limit for Uninsured Boater Coverage shown on the **declarations page**.

An "**uninsured watercraft**" does not include any **watercraft**, **trailer**, or equipment:

a.   owned by **you** or a **relative** or furnished or available for the regular use of **you** or a **relative**;
b.   while located for use as a permanent or primary residence;
c.   that is a **covered watercraft** or **trailer**; or
d.   that is being towed by or carried by a land motor vehicle.

## EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.

Coverage under this Part III will not apply to:

1.   **bodily injury** sustained by any person while using or **occupying** a **covered watercraft** or **trailer** while being used:
     a.   to carry persons or property for compensation or a fee;
     b.   in any illegal transportation or trade; or
     c.   in any business or occupation.
     Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;

2.   **bodily injury** sustained by any **insured person** resulting from an **insured person's** participation in, or sustained during an **insured person's** practice or preparation for:
     a.   any pre-arranged or organized:
          (i)    racing;
          (ii)   stunting;
          (iii)  speed or demolition contest or activity; or
     b.   any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
     This exclusion does not apply to **bodily injury** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

3.   **bodily injury** sustained by **you** or a **relative** while using any **watercraft** or **trailer**, other than a **covered watercraft** or **trailer**, without the permission of the owner of the **watercraft** or **trailer** or the person in lawful possession of the **watercraft** or **trailer**;

4.   **bodily injury** arising out of the use of a **covered watercraft** or **trailer** while being used in connection with a **watercraft sharing program**. This exclusion does not apply to the operation of a **covered watercraft** or **trailer** by **you** or a **relative**;

5. directly or indirectly benefit any insurer or self-insurer under any of the following or similar laws:
   a. workers' compensation law;
   b. disability benefits law;
   c. Jones Act; or
   d. Federal Longshoremen's and Harbor Workers' Compensation Act;
6. any punitive or exemplary damages;
7. **bodily injury** sustained by any person if that person or the legal representative of that person settles without **our** written consent;
8. **bodily injury** sustained by any person while using or **occupying** a **watercraft** or **trailer** that is owned by or available for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered watercraft** or **trailer** that is insured under this Part III;
9. **bodily injury** sustained by any person while using or **occupying**:
   a. a para-sail, kite ski, or any other device designed for flight;
   b. a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation; or
   c. a **covered watercraft** or **trailer** without the express or implied permission of **you**, a **relative**, or the owner of the **covered watercraft** or **trailer**; or
10. any accident involving a **watercraft** or **trailer** that is being towed by or carried by a land motor vehicle.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Uninsured Boater Coverage is the most **we** will pay regardless of the number of:
1. claims made;
2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. **watercraft** or **trailers** involved in the accident;
6. premiums paid; or
7. **trailers**.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for all damages resulting from any one accident. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

If **your declarations page** shows a split limit:
1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident; and
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident.

The each person limit of liability includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death, but only if recoverable under the applicable law.

The Limits of Liability under this Part III shall be reduced by all sums:
1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible;
2. paid or payable under Part I—Liability To Others; and
3. paid or payable because of **bodily injury** under any of the following or similar laws:
   a. workers' compensation law;
   b. disability benefits law;
   c. Jones Act; or
   d. Federal Longshoremen's and Harbor Workers' Compensation Act.

**We** will not pay under this Part III any expenses paid or payable under Part II—Medical Payments Coverage.

No one will be entitled to duplicate payments for the same elements of damages.

If multiple boat and personal **watercraft** policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## OTHER INSURANCE

If there is other applicable uninsured or underinsured boater coverage or similar coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits. However, any insurance **we** provide with respect to a watercraft that is not a **covered watercraft**, or with respect to a trailer that is not a **trailer**, will be excess over any other uninsured or underinsured boater coverage or similar coverage.

## **PART IV—DAMAGE TO A WATERCRAFT**

## INSURING AGREEMENT—COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a **covered watercraft** resulting from **collision**.

## INSURING AGREEMENT—COMPREHENSIVE COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a **covered watercraft** that is not caused by **collision**.

A loss not caused by **collision** includes:
1. impact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water, or flood; or
9. breakage of glass not caused by **collision**.

### INSURING AGREEMENT—PET INJURY COVERAGE

If **you** have purchased both Collision Coverage and Comprehensive Coverage for at least one **covered watercraft** under **your** policy, and if **your pet** sustains injury or death while aboard a **covered watercraft** at the time of a loss covered under Collision Coverage or Comprehensive Coverage, **we** will provide:
1. up to $1,000 for reasonable and customary veterinary fees incurred by **you** or a **relative** if **your pet** is injured in, or as a direct result of, the covered loss; or
2. a $1,000 death benefit if **your pet** dies in, or as a direct result of, the covered loss, less any payment **we** made toward veterinary expenses for **your pet**.

In the event of a covered loss due to the theft of a **covered watercraft**, **we** will provide the death benefit provided **your pet** is aboard that **watercraft** at the time of the theft and **your pet** is not recovered.

### INSURING AGREEMENT—TOTAL LOSS REPLACEMENT/ PURCHASE PRICE COVERAGE

If **you** pay the premium for this coverage for a **covered watercraft**, then subsection 1. of the Limits of Liability provision under this Part IV shall not apply, and the following provision shall apply to a loss to that **covered watercraft**:

1. The limit of liability for a **covered watercraft** for which Total Loss Replacement/ Purchase Price Coverage was purchased is as follows:
   a. for a loss that **we** determine to be a total loss to the **covered watercraft**:
      (i) if the **covered watercraft** is, at the time of the total loss, the current model year or the first through fourth preceding model year, and:
         (a) **you** replace the **covered watercraft our** limit of liability shall be the cost, not to exceed 120 percent of the **purchase price**, as determined by **us**, of a replacement **watercraft** that is:
            (1) to the extent possible, the same make, class, size, and type as, and which contains comparable equipment to, the **covered watercraft**; and
            (2) of any model year, as determined by **us**, but no older than the model year of the **covered watercraft**; or

     (b)  **you** do not replace the **covered watercraft**, **our** limit of liability shall be the **purchase price** for the **covered watercraft**; or

     (ii)  if the **covered watercraft** is, at the time of the total loss, the fifth preceding model year or older, **our** limit of liability shall be the **purchase price**;

  b.  for a loss to the **covered watercraft** that **we** determine to not be a total loss, **our** limit of liability is the lowest of:

     (i)  the amount necessary to replace the stolen or damaged property;

     (ii)  the amount necessary to repair the damaged property to its pre-loss physical condition; or

     (iii)  the **purchase price** for the **covered watercraft**.

## INSURING AGREEMENT—AGREED VALUE COVERAGE

If **you** pay the premium for this coverage for a **covered watercraft**, then subsection 1. of the Limits of Liability provision under this Part IV shall not apply, and the following provision shall apply to a loss to that **covered watercraft**:

1.  The limit of liability for a **covered watercraft** for which Agreed Value Coverage was purchased is as follows:

  a.  for a loss that **we** determine to be a total loss to the **covered watercraft**, **our** limit of liability is the **agreed value** for the **covered watercraft**; or

  b.  for a loss to the **covered watercraft** that **we** determine to not be a total loss, **our** limit of liability is the lowest of:

     (i)  the amount necessary to replace the stolen or damaged property;

     (ii)  the amount necessary to repair the damaged property to its pre-loss physical condition; or

     (iii)  the **agreed value** for the **covered watercraft**.

## INSURING AGREEMENT—TOTAL LOSS COVERAGE

If **we** determine there is a total loss to a **watercraft** shown on the **declarations page** and **you** have paid the premium for this coverage for that **watercraft**, then subsection 1. of the Limits of Liability provision under this Part IV shall not apply to that total loss to the **watercraft**. Instead, **we** will pay the manufacturer suggested retail price of a current model year **watercraft** that is the same make and model as the **watercraft** for which this coverage is shown on the **declarations page**. If such a current model year **watercraft** is not available, **we** will pay the manufacturer suggested retail price of a current model year **watercraft** that is the make and model **we** determine to be the most comparable to the **watercraft** for which this coverage is shown on the **declarations page**.

Total Loss Coverage is not available for any **watercraft** with a model year more than two years old at the time **your** policy renews. If a **covered watercraft** has a model year more than two years old at the time **your** policy renews, Total Loss Coverage will not apply to that **watercraft** and will not be shown on the **declarations page** for that **watercraft**. Instead, subsection 1. of the Limits of Liability provision under this Part IV will apply to that **watercraft**.

**INSURING AGREEMENT—WRECKAGE REMOVAL COVERAGE**

If **you** pay the premium for Collision Coverage and Comprehensive Coverage, **we** will pay reasonable costs incurred by **you** for any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** resulting from any loss for which Collision Coverage or Comprehensive Coverage is provided under this Part IV.

If **you** are legally required to raise, remove, tow, or destroy the wreckage, **our** limit of liability for costs incurred shall not exceed the sum of:

1. the limit of liability for **property damage** coverage, if any, shown on the **declarations page** for such **covered watercraft**, reduced by any amounts paid or payable for **property damage** under Part I—Liability To Others;
2. the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the applicable Collision Coverage or Comprehensive Coverage deductible; and
3. five percent of the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**.

If **you** are not legally required to raise, remove, tow, or destroy the wreckage, **our** limit of liability for costs incurred shall not exceed the sum of:

1. the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the applicable Collision Coverage or Comprehensive Coverage deductible; and
2. five percent of the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**.

**INSURING AGREEMENT—TRAILER TRIP INTERRUPTION COVERAGE**

If **you** pay the premium for this coverage for a **covered watercraft**, **we** will reimburse interruption expenses as described below that result from:

1. mechanical breakdown of; or
2. sudden, direct, and accidental loss to;

**your trailer** while carrying that **covered watercraft**, or a land motor vehicle while towing **your trailer** while the **trailer** is carrying that **covered watercraft**.

For this coverage to apply, the breakdown or loss must occur more than 100 miles from the insured's primary residence.

Covered interruption expenses consist of the following:

1. up to $100 per day for lodging;
2. up to $50 per day for meals; and
3. up to $50 per day for alternate transportation.

Coverage is limited to $500 per breakdown or loss. Payment of Trailer Trip Interruption benefits will not obligate **us** to make any payment under any other coverage in this policy.

Trailer Trip Interruption Coverage will not apply to:

1. repeated service calls for a motor vehicle or **trailer** in need of routine maintenance or repair;
2. breakdown or loss that results from an intentional or willful act or action by **you**, a **relative**, or the operator of the motor vehicle or **trailer**;
3. off-road vehicles which are not subject to motor vehicle registration and licensing; or
4. motor vehicles or **trailers** while being used for business or commercial purposes.

## INSURING AGREEMENT—MEXICO COVERAGE

In addition to the territory specified in Part XI—General Provisions, if **you** pay the premium for Collision Coverage and Comprehensive Coverage, coverage under this Part IV shall apply to any loss meeting the requirements for coverage under this Part IV that occurs within any state, territory, or possession of Mexico, including ocean waters within 75 nautical miles of its coast. Payment for any loss covered under this Part IV that occurs in Mexico will be made in the United States. If a **covered watercraft** must be repaired in Mexico, **we** will pay only for those repairs that must be performed in order to return the **covered watercraft** to the United States and **we** will not pay more than the reasonable cost for such repairs usually charged at the nearest port of call in the United States.

This Mexico Coverage does not apply if liability insurance from a licensed Mexican insurance company is not in force at the time of loss.

The **covered watercraft** shall not remain in any state, territory, possession, or territorial waters of Mexico for more than 30 consecutive days. If the **covered watercraft** remains in any state, territory, possession, or territorial waters of Mexico for more than 30 consecutive days, the Mexico Coverage afforded under this Part IV shall not apply beyond the 30 days and shall not be available again until the **covered watercraft** exits any state, territory, possession, or territorial waters of Mexico and returns to within 75 nautical miles from the coast of the United States or Canada.

**WARNING**: **WATERCRAFT** ACCIDENTS IN MEXICO ARE SUBJECT TO THE LAWS OF MEXICO, NOT THE LAWS OF THE UNITED STATES. UNDER MEXICAN LAW, **WATERCRAFT** ACCIDENTS MIGHT BE CONSIDERED A CRIMINAL OFFENSE AS WELL AS A CIVIL MATTER. **YOU** MIGHT BE REQUIRED BY MEXICAN LAW TO PURCHASE LIABILITY INSURANCE THROUGH A LICENSED MEXICAN INSURANCE COMPANY. THE COVERAGE **WE** PROVIDE UNDER THIS POLICY DOES NOT MEET MEXICAN INSURANCE REQUIREMENTS.

**ADDITIONAL DEFINITIONS**

When used in this Part IV:

1.  "**Agreed value**" means the "agreed value" as shown on the **declarations page**.
2.  "**Collision**" means the upset of a **watercraft** or **trailer** or its impact with another watercraft or object. **Collision** includes those collisions caused by the failure of a line or mooring device securing a **watercraft**, other than such failures resulting from a:
    a.  windstorm;
    b.  flood;
    c.  hailstorm;
    d.  rainstorm; or
    e.  thunderstorm or other weather event;
    for which a governmental agency issued a watch, warning, advisory, or similar notice.
3.  "**Covered watercraft**" means a "**covered watercraft**" as defined in the "General Definitions" section of this policy, including the following components:
    a.  **motor(s)**;
    b.  **permanent equipment** even if temporarily stored ashore;
    c.  **portable boating equipment** while used with the **covered watercraft** or while temporarily stored ashore; and
    d.  **trailer**.
4.  "**Purchase price**" means the "purchase price" as shown on the **declarations page**.
5.  "**Your pet**" means any dog or cat owned by **you** or a **relative**.

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.**

Coverage under this Part IV will not apply for loss:

1.  to any **watercraft** or **trailer** while being used:
    a.  to carry persons or property for compensation or a fee;
    b.  in any illegal transportation or trade; or
    c.  in any business or occupation.
    Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;
2.  resulting from participation by **you**, a **relative**, or the owner of a **covered watercraft** in, or sustained during practice or preparation by **you**, a **relative**, or the owner of a **covered watercraft** for:
    a.  any pre-arranged or organized:
        (i)    racing;
        (ii)   stunting;
        (iii)  speed or demolition contest or activity; or
    b.  any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

3. to any **watercraft** or **trailer** for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

4. caused by an intentional act committed by or at the direction of **you**, a **relative**, or the owner of a **covered watercraft**, even if the actual damage is different than that which was intended or expected. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the intentional act;

5. to a **covered watercraft** while it is leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply to the operation of a **covered watercraft** by **you** or a **relative**;

6. to any **watercraft** or **trailer** caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, or the owner of a **covered watercraft**. This exclusion applies regardless of whether **you**, the **relative**, or the owner of the **covered watercraft** is actually charged with, or convicted of, a crime. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the criminal act or omission. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of **watercraft**;

7. due to destruction or confiscation of a **covered watercraft** by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;

8. due and confined to:
   a. wear and tear;
   b. mechanical, electrical, or structural breakdown; or
   c. any design, manufacturing, or latent defect;
   of any **trailer**;

9. caused directly or indirectly by:
   a. termites and other insects;
   b. birds or other animals, including rodents and other types of vermin, unless the **covered watercraft** sustaining the loss was secured with a fitted cover at the time of the loss;
   c. marine life; or
   d. smog, humidity, mildew, mold, ice, freezing, thawing, or extremes of temperature.
   This exclusion does not apply to:
   a. loss resulting from impact with an animal or marine life; or
   b. ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

10. caused directly or indirectly by:
   a. war (declared or undeclared) or civil war;

    b.   warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

    c.   insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

11.  to any **covered watercraft** caused directly or indirectly by any accidental or intentional discharge, dispersal, or release of radioactive or nuclear material;

12.  caused by incomplete, improper or faulty repair, maintenance or renovation;

13.  arising out of an accident while using a **watercraft** as a primary or permanent residence;

14.  due to theft or conversion of a **covered watercraft**:

    a.   by **you**, a **relative**, or any resident of **your** household;

    b.   prior to its delivery to **you** or a **relative**; or

    c.   while in the care, custody, or control of anyone engaged in the business of selling the **covered watercraft** while the **covered watercraft** is left in an unsecured condition or location for purposes of selling;

15.  caused directly or indirectly by:

    a.   wear and tear;

    b.   gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, delamination, or blistering;

    c.   dock rash or other gradual marring or scratching;

    d.   mechanical, electrical, or structural breakdown; or

    e.   any design, manufacturing, or latent defect;

    of any **watercraft**.

    This exclusion does not apply:

    a.   if the damage results from the theft of a **covered watercraft**; or

    b.   to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

16.  to any personal property other than a **covered watercraft**;

17.  to a **covered watercraft** if repairs are made in Mexico, except for those repairs that must be performed in Mexico in order to return the **covered watercraft** to the United States;

18.  that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs; or

19.  to a **trailer** for a **watercraft** with Total Loss Coverage if **you** do not provide documentation establishing that the amount shown on the declarations page for that **watercraft** included the **trailer** for which coverage is sought.

## LIMITS OF LIABILITY

1.  The limit of liability for loss to a **covered watercraft** is the lowest of:

    a.   the actual cash value of the **covered watercraft** at the time of the loss. If the stolen or damaged property was an **additional watercraft** or **replacement watercraft**, the actual cash value for purposes of this subparagraph a. will not exceed the **watercraft** value shown on **your declarations page** unless **you** have notified **us** of the **additional watercraft** or **replacement watercraft** and paid any additional premium due;

b. the amount necessary to replace the stolen or damaged property;

    c. the amount necessary to repair the damaged property to its pre-loss physical condition; or

    d. the amount shown on the **declarations page** for that **covered watercraft**.

2. Payments for loss to a **covered watercraft** are subject to the following provisions:

    a. Coverage for **permanent equipment** and **portable boating equipment** will not cause **our** limit of liability for loss to a **watercraft** under this Part IV to be increased to an amount in excess of the actual cash value of the **watercraft**, including its **permanent equipment** and **portable boating equipment**.

    b. In determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:

        (i) will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

        (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

            (a) original manufacturer parts or equipment; and

            (b) nonoriginal manufacturer parts or equipment.

    c. **We** may make reductions for unrepaired prior damage in determining the amount of loss.

    d. The actual cash value is determined by the market value, age, and condition of the **covered watercraft** at the time the loss occurs.

    e. In the event of a loss to part of a pair, set or series of objects, pieces, or panels, **we** may elect to:

        (i) pay to repair or replace any part needed to restore the pair, set, or series to its pre-loss physical condition; or

        (ii) pay the cost of a substitute part that reasonably matches the remainder of the pair, set, or series.

    **We** have no obligation to repair or replace the entire pair, set, or series if only a portion is lost or damaged.

3. If there is more than one **covered watercraft**, coverage will be provided as specified on the **declarations page** as to each **covered watercraft**.

4. In the event of a loss to an inflatable **covered watercraft**, **we** will pay for repairs made in accordance with the manufacturer's specifications or accepted repair practices, including repairs by airtight patch or similar method.

5. Duplicate recovery for the same elements of damages is not permitted.

6. The following additional limits of liability apply to Pet Injury Coverage:

    a. The most **we** will pay for all damages in any one loss is a total of $1,000 regardless of the number of dogs or cats involved.

    b. If **your pet** dies in, or as a direct result of, a covered loss, **we** will provide a death benefit of $1,000, less any payment **we** made toward veterinary expenses for **your pet**.

**PAYMENT OF LOSS**

**We** may, at **our** option:
1.  pay for the loss in money; or
2.  repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

**SALVAGE**

If **we** determine that **your covered watercraft** is a total loss and **we** pay the applicable limit of liability, **we** are entitled to salvage at the same percent that **our** limit of liability bears to the actual cash value of **your covered watercraft**.

**NO BENEFIT TO BAILEE**

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

**LOSS PAYABLE CLAUSE**

Payment under this Part IV for a loss to a **covered watercraft** will be made according to **your** interest and the interest of any lienholder shown on the **declarations page** or designated by **you**. At **our** option, payment may be made to both jointly, or to either separately. However, if the **covered watercraft** is not a total loss, **we** may make payment to **you** and the repairer of the **watercraft**.

The lienholder's interest will not be protected:
1.  where fraud, misrepresentation, material omission, or intentional damage resulting in a denial of coverage by **us** has been committed by or at the direction of **you** or any person seeking coverage; or
2.  where the loss is otherwise not covered under the terms of this policy.
If this policy is cancelled, nonrenewed or voided, the interest of any lienholder under this agreement will also terminate.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance that **we** provide for a **watercraft**, other than a **covered watercraft**, will be excess over any other collectible source of recovery including, but not limited to:
1.  any coverage provided by the owner of a **watercraft** other than a **covered watercraft**;

Form 2749 FL (07/19)            23

2. any other applicable physical damage insurance; and
3. any other source of recovery applicable to the loss.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **you** nor **we** waive any rights under this policy by agreeing to an appraisal.

## PART V—ROADSIDE ASSISTANCE COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay for **our** authorized service representative to provide the following services when necessary due to a **covered emergency** while **your covered watercraft** is being towed by or carried by a land motor vehicle or being loaded or unloaded from its **trailer**:
1. towing of the motor vehicle and **covered watercraft** (including **trailer**) to the nearest qualified repair facility; and
2. labor on the motor vehicle and/or **trailer** at the place of disablement.

If the motor vehicle and **covered watercraft** (including **trailer**) are towed to any place other than the nearest qualified repair facility, **you** will be responsible for any additional charges incurred.

**ADDITIONAL DEFINITION**

When used in this Part V:
"**Covered emergency**" means a disablement of a motor vehicle or **trailer** that results from:
a. mechanical or electrical breakdown;
b. battery failure;
c. insufficient supply of fuel, oil, water, or other fluid;
d. a flat tire;
e. lock-out; or
f. entrapment in snow, mud, or sand within 100 feet of a road or highway.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART V.**

Coverage under this Part V will not apply to:

1. more than three **covered emergencies** for any single **covered watercraft** (including **trailer**) in a 12-month period;
2. the cost of purchasing parts, fluid, lubricants, fuel, or replacement keys, or the labor to make replacement keys;
3. installation of products and materials not related to the disablement;
4. labor not related to the disablement;
5. labor for any time period in excess of 60 minutes per disablement;
6. towing or storage related to impoundment, abandonment, illegal parking, or other violations of law;
7. assistance with jacks, levelers, airbags, or awnings;
8. damage or disablement due to fire, flood, or vandalism;
9. towing from a service station, garage, or repair shop;
10. labor or repair work performed at a service station, garage, or repair shop;
11. vehicle storage charges;
12. a second service call or tow for a single disablement;
13. disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather, or earth movement;
14. mounting or removing of snow tires or chains;
15. tire repair;
16. repeated service calls for a motor vehicle or **trailer** in need of routine maintenance or repair;
17. disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of the motor vehicle or **trailer**, with the intent of causing such disablement;
18. off-road vehicles which are not subject to motor vehicle registration and licensing;
19. motor vehicles or **trailers** used for business or commercial purposes; or
20. any **covered watercraft** or **trailer** while being used in connection with a **watercraft sharing program**.

**UNAUTHORIZED SERVICE PROVIDER**

When service is rendered by a provider in the business of providing roadside assistance and towing services, other than one of **our** authorized service representatives, **we** will pay only reasonable charges, as determined by **us**, for:

1. towing of a motor vehicle and **covered watercraft** (including **trailer**) to the nearest qualified repair facility; and
2. labor on a motor vehicle and/or **trailer** at the place of disablement;

which is necessary due to a **covered emergency**.

**OTHER INSURANCE**

Any coverage provided under this Part V for service rendered by an unauthorized service provider will be excess over any other collectible insurance or towing protection coverage.

## PART VI—SIGN & GLIDE® COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage for a **covered watercraft**, one of **our** authorized service representatives will send one **watercraft** to provide **you** with **covered services** that are necessary due to a **covered disablement** involving that **covered watercraft**.

If none of **our** authorized service representatives are available, **we** will pay the reasonable charges, as determined by **us**, for **covered services** rendered by a licensed service provider that **you** or a **relative** incur due to the **covered disablement**. However, **we** will not pay for such **covered services** unless **we** were given notice and approved the use of the licensed service provider in advance. **We** will not pay more than $250 per hour or $3,000 per **covered disablement** for **covered services** rendered by a provider other than one of **our** authorized service representatives.

Duplicate recovery for the same elements of damages is not permitted under this policy.

THIS COVERAGE IS NOT A PROMISE OF, OR COMMITMENT TO PROVIDE OR PAY FOR, RESCUE. IN AN EMERGENCY SITUATION, **YOU** MUST IMMEDIATELY CONTACT THE COAST GUARD OR OTHER GOVERNMENT AGENCY.

### ADDITIONAL DEFINITIONS

When used in this Part VI:
1. "**Covered disablement**" means the disablement of a **covered watercraft** while afloat that results from:
   a. mechanical or electrical breakdown;
   b. battery failure;
   c. insufficient supply of fuel, oil, water, or other fluid;
   d. lock-out; or
   e. soft grounding.
   "**Covered disablement**" does not include any disablement resulting from a loss covered, or for which coverage is sought, under Collision Coverage or Comprehensive Coverage.
2. "**Covered services**" means the following services:
   a. the following if performed at the place of **covered disablement**:
      i. jump start;

      ii.   delivery of fuel, oil or other fluid;

     iii.  disentanglement that does not require use of a diver; and

    iv.  soft ungrounding assistance, but only if the **covered watercraft**:

        1)  is in a stable, safe condition;

        2)  is not in dangerous surf or a dangerous surf line;

        3)  is surrounded by water on all sides;

        4)  can be rocked; and

        5)  can be refloated upon initial arrival or at the next high tide in 15 minutes or less by one **watercraft** from **our** authorized service representative; and

b.  on water towing from the site of the **covered disablement** to the nearest accessible dock or port where the **watercraft** can be repaired or removed from the water. If the **covered watercraft** is towed to any place other than the nearest such dock or port, **you** will be responsible for any additional charges incurred.

**<u>EXCLUSIONS</u>—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART VI.**

Coverage under this Part VI will not apply to:

1. the cost of purchasing parts, fluid, lubricants, fuel or replacement keys, or the labor to make replacement keys;
2. installation of products and materials not related to the **covered disablement**;
3. labor not related to the disablement;
4. labor for any time period in excess of 60 minutes per disablement;
5. towing or storage related to impoundment, abandonment, illegal docking or mooring, or other violations of law or regulations;
6. damage or disablement due to fire. This exclusion does not apply to fire caused by a **covered disablement**;
7. damage or disablement due to vandalism;
8. towing from a repair facility;
9. labor or repair work performed at a repair facility;
10. **watercraft** storage, hauling, launching, commissioning, decommissioning, mooring, or docking charges or other marina charges;
11. a second service call or tow for a single disablement;
12. repeated service calls for a **covered watercraft** in need of routine maintenance or repair;
13. disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of the **covered watercraft**;
14. **watercraft** used for business or commercial purposes;
15. salvage operations;
16. a **covered watercraft** that is wrecked, beached, on fire, taking on water, in the surf or surf line, sinking, or sunk;
17. assistance requiring one or more pumps, divers, airbags or other special equipment;

18. circumstances where **our** authorized service representative determines that the **covered watercraft** cannot be reached, secured or serviced without unreasonable risk of injury to persons or damage to any property;

19. escort or navigation assistance;

20. search for lost **watercraft**;

21. retrieving anchors or other equipment;

22. United States or foreign customs fees; or

23. any **covered watercraft** or **trailer** while being used in connection with a **watercraft sharing program**.

## OTHER INSURANCE

Any coverage provided under this Part VI for service rendered by an unauthorized service provider will be excess over any other collectible insurance or labor, assistance or towing protection coverage.

## PART VII—PROPULSION PLUS® COVERAGE

### INSURING AGREEMENT—PROPULSION PLUS COVERAGE

If **you** pay the premium for this coverage for a **covered watercraft**, **we** will pay for the cost to repair or replace **covered parts** in that **covered watercraft** which sustain a **breakdown**. When necessary to perform such repair or replacement, **we** also will pay for the cost to repair or replace seals, o-rings, gaskets, and water pump parts in that **covered watercraft**.

### ADDITIONAL DEFINITIONS

When used in this Part VII:

1. "**Breakdown**" occurs when a **covered part** totally ceases to perform the function for which it was designed due to normal wear and tear, or defect, of the **covered part**.

2. "**Covered part**" means any of the following parts:

   a. the following components within the outboard lower unit: lower gear case housing; propeller shaft; vertical drive shaft; forward, reverse and pinion gears; sliding clutch; clutch cross pin; bearing carrier; bearings; races; shift shaft; shift cam; and shift follower;

   b. the following components within the stern drive lower unit: lower gear case housing; propeller shaft; vertical drive shaft; forward, reverse and pinion gears; sliding clutch; clutch cross pin; bearing carrier; bearings; races; shift shaft; shift cam; and shift follower;

   c. the following components within the stern drive upper unit: upper drive shaft housing; vertical drive shaft; vertical drive shaft coupler; gears; bearings; cone clutch; shift fork; and input shaft assembly including input shaft, u-joints and yolks; and

   d. propeller(s).

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART VII.**

Coverage under this Part VII will not apply to:

1. a **covered watercraft**:
   a. while being used:
      i. to carry persons or property for compensation or a fee;
      ii. in any illegal transportation or trade; or
      iii. in any business or occupation.
      Subparts i. and iii. of this exclusion do not apply to use of a **covered watercraft** for tournament fishing;
   b. for diminution of value;
   c. while it is leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply to the operation of a **covered watercraft** by **you** or a **relative**;
   d. while in Mexico, except for those repairs that must be performed in Mexico in order to return the **covered watercraft** to the United States; or
   e. while being used as a primary or permanent residence;

2. **breakdown**:
   a. resulting from, or sustained during practice or preparation for:
      i. any pre-arranged or organized:
         (a) racing;
         (b) stunting;
         (c) speed or demolition contest or activity; or
      ii. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
      This exclusion does not apply to **breakdown** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;
   b. caused directly or indirectly by:
      i. weathering, rust, corrosion, osmosis, delamination, or blistering;
      ii. dock rash or other gradual marring or scratching;
      iii. marine life;
      iv. smog, humidity, mildew, mold, ice, freezing, thawing, or extremes of temperature;
      v. failure to follow all customary or manufacturer-recommended preventative maintenance guidelines, or recommendations of a repair shop, dealer or other person servicing the **covered watercraft** for compensation or a fee; or
      vi. an issue that is the subject of a recall or voluntary repair program;
   c. that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs; or

d. of a **watercraft** that occurs less than 31 days after the effective date **you** re-
   quested for this coverage for that **watercraft**;
3. the gradual diminishing performance of a **covered part**; or
4. an **additional watercraft** or **replacement watercraft**.

## LIMITS OF LIABILITY

1. The limit of liability under this Part VII for a **covered watercraft** that does not have
   Agreed Value Coverage or Total Loss Replacement/Purchase Price Coverage is
   the lowest of:
   a. the actual cash value, at the time of the **breakdown**, of the **covered water-
      craft** that contains the **covered part** that sustained the **breakdown**;
   b. the amount necessary to replace the **covered part** that sustained the **break-
      down**; or
   c. the amount necessary to repair the **covered part** that sustained the **break-
      down** to its pre-**breakdown** physical condition.
2. The limit of liability under this Part VII for a **covered watercraft** that has Agreed
   Value Coverage is the lowest of:
   a. the **agreed value** for the **covered watercraft** that contains the **covered part**
      that sustained the **breakdown**;
   b. the amount necessary to replace the **covered part** that sustained the **break-
      down**; or
   c. the amount necessary to repair the **covered part** that sustained the **break-
      down** to its pre-**breakdown** physical condition.
3. The limit of liability under this Part VII for a **covered watercraft** that has Total Loss
   Replacement/Purchase Price Coverage is the lowest of:
   a. the **purchase price** for the **covered watercraft** that contains the **covered
      part** that sustained the **breakdown**;
   b. the amount necessary to replace the **covered part** that sustained the **break-
      down**; or
   c. the amount necessary to repair the **covered part** that sustained the **break-
      down** to its pre-**breakdown** physical condition.
4. Payments for **breakdown** are subject to the following provisions:
   a. In determining the amount necessary to repair a **covered part** to its pre-
      **breakdown** physical condition, the amount to be paid by **us**:
      (i) will not exceed the prevailing competitive labor rates charged in the area
          where the **covered part** is to be repaired, and the cost of repair or re-
          placement parts and equipment, as reasonably determined by **us**; and
      (ii) will be based on the cost of repair or replacement parts and equipment
           which may be new, reconditioned, remanufactured, or used, including,
           but not limited to:
           (a) original manufacturer parts or equipment; and
           (b) nonoriginal manufacturer parts or equipment.
   b. **We** may make reductions for unrepaired prior damage in determining the
      amount to be paid.

    c.   The actual cash value is determined by the market value, age, and condition of the **covered watercraft** at the time the **breakdown** occurs.

    d.   In the event of a **breakdown** to part of a pair, set or series of objects, pieces, or panels, **we** may elect to:

       (i)   pay to repair or replace any part needed to restore the pair, set or series to its pre-**breakdown** physical condition; or

       (ii)   pay the cost of a substitute part that reasonably matches the remainder of the pair, set or series.

       **We** have no obligation to repair or replace the entire pair, set or series if only a portion is lost or damaged.

    e.   Duplicate recovery for the same elements of damages is not permitted.

## PAYMENT OF CLAIM

**We** may, at **our** option:

1.   pay for the **breakdown** in money; or
2.   repair or replace the **covered part(s)** that sustained the **breakdown**.

**We** may settle any claim with **you** or the owner or lienholder of the property.

## SALVAGE

If **we** determine that **your covered watercraft** is a total loss and **we** pay the applicable limit of liability**, we** are entitled to salvage at the same percent that **our** limit of liability bears to the actual cash value of **your covered watercraft**.

## NO BENEFIT TO BAILEE

Coverage under this Part VII will not directly or indirectly benefit any carrier or other bailee for hire.

## LOSS PAYEE AGREEMENT

If a **covered watercraft** is deemed by **us** to be a total loss, payment under this Part VII will be made according to **your** interest and the interest of any loss payee or lienholder shown on the **declarations page** or designated by **you**. Payment may be made to both jointly, or separately, at **our** discretion. **We** may make payment directly to the re-pair facility with **your** consent.

The loss payee or lienholder's interest will not be protected where fraud, misrepre-sentation, material omission, or intentional damage has been committed by or at the direction of **you** or a **relative**, or where the **breakdown** is otherwise not covered under the terms of this policy.

**We** will be entitled to the loss payee or lienholder's rights of recovery, to the extent of **our** payment to the loss payee or lienholder.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **you** nor **we** waive any rights under this policy by agreeing to an appraisal.

## PART VIII—REPLACEMENT COST PERSONAL EFFECTS COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to **personal effects** and **non-owned personal effects** while in or on a **covered watercraft**.

No coverage is provided for theft of **personal effects** or **non-owned personal effects** unless such items are stolen from a locked compartment or cabin, the theft is supported by evidence of forcible entry, and the insured person, or someone on his or her behalf, reports the theft to the United States Coast Guard, the police, or other civil authority within 24 hours or as soon as practicable after the loss.

### ADDITIONAL DEFINITIONS

When used in this Part VIII:

1. "**Fishing equipment**" means any sport fishing gear and equipment that is used in the taking of fish for sport and recreation, or for personal consumption, including, but not limited to, rods, reels, lures, lines, and tackle boxes. "**Fishing equipment**" does not include **permanent equipment**, **portable boating equipment**, or **personal effects**.
2. "**Non-owned personal effects**" means clothing and other personal property, not owned by **you** or a **relative**, which is lawfully in the possession of **you** or a **relative**. "**Non-owned personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, watches, gems, precious stones, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;

e. any property used in **your** or a **relative's** business or employment;
f. animals (including birds and fish);
g. **fishing equipment**;
h. **permanent equipment**; or
i. **portable boating equipment**.
3. "**Personal effects**" means clothing and other personal property owned by **you** or a **relative**. "**Personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, gems, precious stones, watches, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;
   e. any property used in **your** or a **relative's** business or employment;
   f. animals (including birds and fish);
   g. **fishing equipment**;
   h. **permanent equipment**; or
   i. **portable boating equipment**.

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART VIII.**

Coverage under this Part VIII does not apply to any loss to **personal effects** or **non-owned personal effects**:
1. while the **covered watercraft** is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. for commercial or business purposes.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** for tournament fishing;
2. resulting from participation by **you**, a **relative**, or the owner of **non-owned personal effects** in, or sustained during practice or preparation by **you**, a **relative**, or the owner of **non-owned personal effects** for:
   a. any pre-arranged or organized:
      (i) racing;
      (ii) stunting;
      (iii) speed or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
   This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;
3. due to a nuclear reaction or radiation;
4. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

5. caused by an intentional act committed by or at the direction of **you**, a **relative**, or the owner of the **non-owned personal effects**, even if the actual damage is different than that which was intended or expected. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the intentional act;

6. while the **personal effects** or **non-owned personal effects**, or the **covered watercraft** which they are in or on, are leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply when **you** or a **relative** is using the **personal effects**, **non-owned personal effects**, or the **covered watercraft** which the **personal effects** or **non-owned personal effects** are in or on;

7. caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, or the owner of the **non-owned personal effects**. This exclusion applies regardless of whether **you**, the **relative**, or the owner of the **non-owned personal effects** is actually charged with, or convicted of, a crime. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the criminal act or omission. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of **watercraft**;

8. due to destruction or confiscation by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;

9. caused directly or indirectly by:
   a. wear and tear;
   b. gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, or blistering;
   c. dock rash or other gradual marring or scratching;
   d. mechanical, electrical, or structural breakdown, except for subsequent loss by fire or explosion; or
   e. any design, manufacturing, or latent defect;
      of any **watercraft** or **trailer**.
   This exclusion does not apply:
   a. if the damage results from the theft of a **covered watercraft**; or
   b. to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

10. caused directly or indirectly by:
    a. termites and other insects;
    b. birds or other animals, including rodents and other types of vermin, unless the **covered watercraft** sustaining the loss was secured with a fitted cover at the time of the loss;
    c. marine life; or
    d. smog, humidity, mildew, mold, freezing, thawing, or extremes of temperature.
    This exclusion does not apply to:
    a. loss resulting from impact with an animal or marine life; or
    b. ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

11.   caused directly or indirectly by:
   a.   war (declared or undeclared) or civil war;
   b.   warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
   c.   insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;
12.   caused directly or indirectly by any accidental or intentional discharge, dispersal, or release of radioactive or nuclear material;
13.   arising out of an accident while using a **watercraft** as a primary or permanent residence;
14.   due to theft or conversion of such **personal effects** or **non-owned personal effects**:
   a.   by **you**, a **relative**, or any resident of **your** household; or
   b.   prior to their delivery to **you** or a **relative**; or
15.   that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs.

## LIMITS OF LIABILITY

1.   The limit of liability for loss to **personal effects** and **non-owned personal effects** will be the lowest of:
   a.   the amount necessary to replace the stolen or damaged property;
   b.   the amount necessary to repair the damaged property to its pre-loss physical condition;
   c.   any applicable limit set forth in subsection 2. or 3. below; or
   d.   the amount shown on the **declarations page** for Replacement Cost Personal Effects Coverage.

   The limit of liability for loss to part of a pair, set or series of objects, pieces, or panels is the lowest of:
   a.   the cost to repair or replace the part that restores the pair, set, or series to its pre-loss physical condition; or
   b.   the cost of a substitute part that reasonably matches the remainder of the pair, set, or series.
   **We** have no obligation to repair or replace the entire pair, set, or series if only a portion is lost or damaged.
2.   The limit for the combined loss to all **non-owned personal effects** in any one loss is the aggregate of $500.
3.   The limit for loss to any one item of **personal effects** in any one loss is $1,000.
4.   Payments for loss covered under this Part VIII are subject to the following provisions:
   a.   in determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:
      (i)   will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

(ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

   (a)  original manufacturer parts or equipment; and
   (b)  nonoriginal manufacturer parts or equipment; and

b.  duplicate recovery under this policy for the same elements of loss is not permitted.

## PAYMENT OF LOSS

**We** may, at **our** option:

1.  pay for the loss in money; or
2.  repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part VIII will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

The insurance that **we** provide under this Part VIII for **personal effects** is primary. However, any insurance that **we** provide for a loss to **non-owned personal effects** shall apply as excess coverage over any other collectible source of recovery including, but not limited to, any coverage provided by homeowners, renters, or tenants insurance.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected,

will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART IX—FISHING EQUIPMENT COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to **fishing equipment**.

No coverage is provided for theft of **fishing equipment** from any location other than a **watercraft** unless such equipment is stolen from a locked compartment, a locked vehicle or **your** locked residence, the theft is supported by visible evidence of forcible entry, and the insured person, or someone on his or her behalf, reports the theft to the United States Coast Guard, the police, or other civil authority within 24 hours or as soon as practicable after the loss.

### ADDITIONAL DEFINITIONS

When used in this Part IX:
1. "**Fishing equipment**" means any sport fishing gear and equipment owned by **you** or a **relative** that is used in the legal taking of fish for sport and recreation, or for personal consumption, including, but not limited to, rods, reels, lures, lines, and tackle boxes. "**Fishing equipment**" does not include **permanent equipment**, **portable boating equipment**, or **personal effects**.
2. "**Personal effects**" means clothing and other personal property owned by **you** or a **relative**. "**Personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, gems, precious stones, watches, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;
   e. any property used in **your** or a **relative's** business or employment;
   f. animals (including birds and fish);
   g. **fishing equipment**;
   h. **permanent equipment**; or
   i. **portable boating equipment**.

### EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IX.

Coverage under this Part IX does not apply to any loss to **fishing equipment**:
1. while the **covered watercraft** is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. for commercial or business purposes.

Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** for tournament fishing;

2. resulting from participation by **you** or a **relative** in, or sustained during practice or preparation by **you** or a **relative** for:
   a. any pre-arranged or organized:
      (i) racing;
      (ii) stunting;
      (iii) speed or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

   This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

3. due to a nuclear reaction or radiation;
4. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
5. caused by an intentional act committed by or at the direction of **you** or a **relative**, even if the actual damage is different than that which was intended or expected. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the intentional act;
6. while the **fishing equipment** or the **covered watercraft** which the **fishing equipment** is in or on is leased or rented to others or given in exchange for any compensation, including while being used in connection with a **watercraft sharing program**. This exclusion does not apply when **you** or a **relative** is using the **fishing equipment** or the **covered watercraft** which the **fishing equipment** is in or on;
7. caused by, or reasonably expected to result from, a criminal act or omission of **you** or a **relative**. This exclusion applies regardless of whether **you** or the **relative** is actually charged with, or convicted of, a crime. This exclusion precludes coverage for any person insured by this policy regardless of whether the person seeking coverage participated in the criminal act or omission. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of **watercraft**;
8. due to destruction or confiscation by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;
9. caused directly or indirectly by:
   a. wear and tear;
   b. gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, delamination, or blistering;
   c. dock rash or other gradual marring or scratching;
   d. mechanical, electrical, or structural breakdown, except for subsequent loss by fire or explosion; or
   e. any design, manufacturing, or latent defect;
      of any **watercraft** or **trailer**.

This exclusion does not apply:

    a.  if the loss results from the theft of a **covered watercraft**; or

    b.  to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

10.  caused directly or indirectly by:

    a.  termites and other insects;

    b.  birds or other animals, including rodents and other types of vermin, unless the **covered watercraft** sustaining the loss was secured with a fitted cover at the time of the loss;

    c.  marine life; or

    d.  smog, humidity, mildew, mold, freezing, thawing, or extremes of temperature.

This exclusion does not apply to:

    a.  loss resulting from impact with an animal or marine life; or

    b.  ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

11.  caused directly or indirectly by:

    a.  war (declared or undeclared) or civil war;

    b.  warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

    c.  insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

12.  caused directly or indirectly by any accidental or intentional discharge, dispersal, or release of radioactive or nuclear material;

13.  arising out of an accident while using a **watercraft** as a primary or permanent residence;

14.  due to theft or conversion of such **fishing equipment**:

    a.  by **you**, a **relative**, or any resident of **your** household; or

    b.  prior to its delivery to **you** or a **relative**; or

15.  that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs.

## LIMITS OF LIABILITY

1.  **Our** limit of liability under this Part IX for loss to **fishing equipment** will be the lowest of:

    a.  the amount necessary to replace the stolen or damaged property;

    b.  the amount necessary to repair the damaged property to its pre-loss physical condition; or

    c.  the amount shown on the **declarations page** for Fishing Equipment Coverage.

However, the most **we** will pay for loss or damage to any one item of **fishing equipment** is $1,000. A tackle box or any other container used to store lures, hooks, and baits is considered one item regardless of the number of lures, hooks, baits, and other items stored in the container. A rod and reel are considered two separate items.

2.  Payments for loss covered under Fishing Equipment Coverage are subject to the following provisions:

    a.  in determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:

        (i)  shall not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

        (ii)  will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

           (a)  original manufacturer parts or equipment; and

           (b)  nonoriginal manufacturer parts or equipment; and

    b.  duplicate recovery under this policy for the same elements of loss is not permitted.

## PAYMENT OF LOSS

**We** may, at **our** option:

1.  pay for the loss in money; or
2.  repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part IX will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

The insurance that **we** provide under this Part IX for **fishing equipment** is primary.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed

to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART X—DUTIES IN CASE OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if **you** or the person seeking coverage is not at fault. **You** or the person seeking coverage must provide **us** with all accident or loss information including time, place, and how the accident or loss happened. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the manufacturer's or state-assigned hull identification number of the **watercraft** involved.

If **you** or the person seeking coverage cannot identify the owner or operator of a **watercraft** involved in the accident, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police, United States Coast Guard, or other civil authority, in accordance with applicable laws and regulations, within 24 hours or as soon as practicable.

A person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit;
2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you** or any other person seeking coverage, answer all reasonable questions **we** may ask, and provide any documents, records, or other tangible items that **we** request, when, where, and as often as **we** may reasonably require;
4. promptly call to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to the claim or suit;
5. attend hearings and trials as **we** require;
6. take reasonable steps after a loss to protect the **covered watercraft**, or any other **watercraft** or **trailer** for which coverage is sought, from further loss. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
7. allow **us** to have the damaged **covered watercraft**, or any other damaged **watercraft** or **trailer** for which coverage is sought, inspected and appraised before its repair or disposal;
8. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require; and
9. authorize **us** to obtain medical and other records.

**PART XI – GENERAL PROVISIONS**

**POLICY PERIOD AND TERRITORY**

This policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** and which occur within:
1. a state, territory, or possession of the United States of America, or a province or territory of Canada, including their in-land lakes, rivers, and navigable waterways;
2. the Great Lakes; or
3. ocean waters 75 nautical miles or less from the coast of either the United States or Canada, but not including the territory or territorial waters of any country other than the United States or Canada.

**CHANGES**

This policy contract, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, and all endorsements to this policy issued by **us**, contain all the agreements between **you** and **us**. Subject to the following, the terms of this policy may not be changed or waived except by an endorsement issued by **us**.

The premium for this policy is based on information **we** received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and to promptly notify **us** if it changes during the policy period. If this information is determined by **us** to be incorrect, incomplete, or if it changes during the policy period, **you** agree that **we** may adjust **your** policy information and premium accordingly. Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to, **you** or a **relative** obtaining a driver's license or operator's permit, or changes in:
1. the number, type or use classification of **covered watercraft**;
2. the persons who regularly operate a **covered watercraft**;
3. the persons of legal driving age residing in **your** household;
4. the residents in **your** household;
5. an operator's marital status;
6. **your** mailing address and **your** residence address;
7. the principal garaging address of any **covered watercraft**;
8. coverage, deductibles, or limits of liability; or
9. rating territory or discount eligibility.

The coverage provided in **your** policy may be changed only by the issuance of a new policy or an endorsement by **us**. However, if during the policy period **we** broaden any coverage afforded under the current edition of **your** policy without additional premium charge, that change will automatically apply to **your** policy as of the date the coverage change is implemented in **your** state.

If **you** ask **us** to delete a **watercraft** from this policy, no coverage will apply to that **watercraft** as of the date and time **you** ask **us** to delete it.

Form 2749 FL (07/19)                42

**DUTY TO REPORT CHANGES**

**You** must promptly report to **us** all changes, including additions and deletions, in policy information. This includes, but is not limited to, changes in:

1.   **your** mailing address or **your** residence address;
2.   the principal garaging address of any **covered watercraft**;
3.   the residents in **your** household;
4.   the persons of legal driving age residing in **your** household;
5.   the persons who regularly operate a **covered watercraft**;
6.   an operator's marital status; or
7.   the driver's license or operator's permit status of **you** or a **relative**.

## SETTLEMENT OF CLAIMS

**We** may use estimating, appraisal, or injury evaluation systems to assist **us** in adjusting claims under this policy and to assist **us** in determining the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

## DEDUCTIBLES

A deductible shall apply to a covered loss for all coverages as indicated on the **declarations page**. No more than one deductible per **covered watercraft** will be applied to any one covered loss under this policy. If two or more deductibles apply to any one covered loss in any combination of Part IV—Damage To A Watercraft, Part VII—Propulsion Plus Coverage, Part VIII—Replacement Cost Personal Effects Coverage and/or Part IX—Fishing Equipment Coverage in the policy, the highest deductible as shown on the **declarations page** will apply for the coverages found in those sections and involved in the settlement of the loss. The deductible for any covered loss for which coverage is afforded under this policy will only be applicable for that specific coverage and will be applied against the limit of liability for that specific coverage. No deductible shall apply to Pet Injury Coverage in Part IV—Damage To A Watercraft.

If Disappearing Deductibles is shown on the **declarations page**, and if, during any policy period, **you** do not have a loss under Collision Coverage or Comprehensive Coverage for which **we** have paid any amount, then:

1.   any deductible for Collision Coverage and Comprehensive Coverage for a **watercraft** for which the **declarations page** shows Disappearing Deductibles shall be reduced for the following policy period by 25 percent of the original deductible amount; and
2.   no deductible for Collision Coverage and Comprehensive Coverage will apply for the fifth policy period and thereafter if **you** do not have any losses during the previous four consecutive policy periods.

Form 2749 FL (07/19)                                    43

If **you** have a loss at any time for which **we** make a payment under Collision Coverage or Comprehensive Coverage for any **watercraft**, then the most recent elected deductible for Collision Coverage and Comprehensive Coverage will be restored for the subsequent policy period. Thereafter, the deductible may again be reduced if the conditions set forth above are satisfied.

Reductions and increases in the deductible under this provision shall apply to all **watercraft** for which Disappearing Deductibles is shown on the **declarations page**.

The provisions in this policy regarding Disappearing Deductibles will reduce or eliminate the deductible for loss to a **covered watercraft** only if the **declarations page** shows Disappearing Deductibles for that **covered watercraft**.

The designated specific coverage type deductible shown on the **declarations page** shall be reduced for the following policy period by 25 percent of its original deductible amount, unless it is triggered to reset to its original amount. A deductible cannot be reduced below zero.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform with the statutes of the state listed on **your** application as **your** principal place of garaging, docking, or mooring **your covered watercraft**, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** principal place of garaging, docking, or mooring **your covered watercraft**.

## TRANSFER OF INTEREST

Duties under this policy may not be transferred to another person without **our** written consent. However, if a named insured shown on the **declarations page** dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

## YOUR REPRESENTATIONS TO US REGARDING YOUR COVERED WATERCRAFT

**You** represent to **us** that, at the inception of this policy, **your covered watercraft** is in **seaworthy** condition. Violation of this representation will void this policy from its inception.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon accuracy and truthfulness of the information provided on **your** insurance application. **We** may void this policy at any time, including

after the occurrence of an accident or loss, if **you**:

1. made incorrect or untrue statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

Any changes **we** make at **your** request to this policy after inception will be made in reliance upon information **you** provide. If **you**:

1. make incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. conceal or misrepresent any material fact or circumstance; or
3. engage in fraudulent conduct;

in connection with a requested change **we** may void the policy or reform it as it existed immediately prior to the requested change. **We** may do this at any time, including after the occurrence of an accident or loss.

When **we** have not voided or reformed the policy, **we** may still deny coverage for an accident or loss if **you**, in connection with the policy application, in connection with any requested change, or at any time during the policy period, have concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct and that concealment, misrepresentation, or fraudulent conduct was material to a risk **we** assumed.

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the occurrence of a loss, or the presentation or settlement of a claim.

## PAYMENT OF PREMIUM AND FEES

If **your** initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to **us** by the financial institution. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at **our** option, be deemed void from its inception. This means **we** will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by **us** to present the remittance for payment more than once shall not affect **our** right to void this policy.

In addition to premium, fees may be charged on **your** policy. **We** may charge fees for installment payments, late payments, and other transactions. Payments made on **your** policy will be applied first to fees, then to premium due.

If a required premium is not paid when due, or by the end of any grace period if **we** agree to grant a grace period, this policy will lapse as of the due date of the overdue premium. If **we** offer to renew or continue this policy, and **you** fail to pay the required premium when due, this policy will automatically terminate at the end of the policy period unless **we** elect to reinstate the policy without a lapse. **Your** failure to pay the required renewal premium means that **you** have declined **our** offer.

**CANCELLATION**

**You** may cancel this policy during the policy period by calling or writing **us** and stating the future date that **you** wish the cancellation to be effective.

**We** may cancel this policy during the policy period by mailing a notice of cancellation to the named insured shown on the **declarations page** at the last known address appearing in **our** records.

**We** will give at least 20 days notice of cancellation if **we** cancel during the first 90 days of the initial policy period.

**We** will give at least 10 days notice of cancellation if this policy is cancelled at any time for nonpayment of premium.

**We** will give at least 45 days notice of cancellation in all other cases.

**We** may cancel this policy for any reason if the notice is mailed within the first 90 days of the initial policy period.

After this policy is in effect for more than 90 days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:
1. nonpayment of premium;
2. material misrepresentation or fraud by **you** with respect to any material fact in the procurement or renewal of this policy;
3. material misrepresentation or fraud in the submission of any claim under this policy;
4. there has been a substantial change in the risk covered by this policy;
5. cancellation is for all insureds in a given class of insureds;
6. failure to comply with underwriting requirements established by **us** within 90 days of the date of effectuation of coverage; or
7. any other reason permitted by law.

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all **watercraft** and **trailers**.

## CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro rata basis.

## NONRENEWAL

If neither **we** nor one of **our** affiliates offers to renew or continue this policy, **we** will mail notice of nonrenewal to the named insured shown on the **declarations page** at the last known address appearing in **our** records. Proof of mailing will be sufficient proof of notice. Notice will be mailed at least 45 days before the end of the policy period.

## AUTOMATIC TERMINATION

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other insurance on a **covered watercraft**, any similar insurance provided by this policy will terminate as to that **covered watercraft** on the effective date and time of the other insurance.

If a **covered watercraft** is sold or transferred to someone other than **you** or a **relative**, any insurance provided by this policy will terminate as to that **covered watercraft** on the effective date and time of the sale or transfer.

## LEGAL ACTION AGAINST US

**We** may not be sued unless there is full compliance with all the terms of this policy.

**We** may not be sued for payment under Part I—Liability To Others until the obligation of an insured person under Part I to pay is finally determined either by judgment after trial against that person or by written agreement of the insured person, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an insured person.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

**We** are entitled to all the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may

be required to sign documents related to the recovery and must do whatever else is necessary to help **us** exercise those rights, and do nothing after an accident or loss to prejudice those rights. If necessary to protect **our** subrogation rights following an accident, the insured person must file suit against a liable person or organization within the time period specified by the applicable statute of limitations.

When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person. If an insured person recovers from another without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

If **we** elect to exercise **our** rights of recovery against another, **we** will also attempt to recover any deductible incurred by an insured person under this policy unless **we** are specifically instructed by that person not to pursue the deductible. **We** have no obligation to pursue recovery against another for any loss not covered by this policy.

**We** reserve the right to compromise or settle the deductible, and property damage claims against the responsible parties for less than the full amount. **We** also reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of **our** payment and the deductible, **we** will reduce reimbursement of the deductible based on the proportion that the actual recovery bears to the total of **our** payment and the deductible. A proportionate share of collection expenses and attorney fees incurred in connection with these recovery efforts will also reduce reimbursement of the deductible.

These provisions will be applied in accordance with state law.

**OUR RIGHTS TO INSPECT**

**We**, and any rating, advisory, rate service, or similar organization that makes insurance inspections, surveys, reports, or recommendations on **our** behalf, have the right to:
1.    make inspections and surveys after providing **you** with reasonable notice;
2.    provide **you** reports related to any conditions that **we** identify with respect to a **covered watercraft** or any property; and
3.    recommend changes with respect to any identified conditions.

This does not mean that **we** or any entity acting on **our** behalf:
1.    make safety inspections;
2.    undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public;
3.    warrant or represent that conditions are safe or healthful;
4.    warrant or represent that conditions comply with laws, regulations, codes, or standards; or
5.    warrant or represent that a **covered watercraft** is in **seaworthy** condition.

Form 2749 FL (07/19)                    48

**JOINT AND INDIVIDUAL INTERESTS**

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy.

**BANKRUPTCY**

The bankruptcy or insolvency of an insured person will not relieve **us** of any obligations under this policy.

THIS PAGE INTENTIONALLY LEFT BLANK

*PROGRESSIVE*®
BOAT

2749 FL 0719

